IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PABLO CABRERA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3121 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| HAROLD CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Pablo Cabrera, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983 against the defendants, employees of DCS and medical contractors with DCS, in their individual and official capacities. The plaintiff asserts that the conditions of his confinement violate the Eighth Amendment to the United States Constitution. He also alleges claims under state law of medical malpractice. In essence, the plaintiff claims that the defendants are placing inmates such as the plaintiff at risk by denying them adequate and appropriate medical care, in an effort to save costs or turn a profit.[1]

## PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this

---

[1] During the relevant times, the medical contractors were health care providers under contract with DCS to treat inmates. As such, they acted under color of state law for purposes of the plaintiff's claims pursuant to 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 51-56 (1988) (physician under contract with state to treat inmates at state prison acted under color of state law); Burke v. North Dakota Dept. of Corrections & Rehabilitation, 294 F.3d 1043, 1044 (8th Cir. 2002) (plaintiff stated a claim for relief under § 1983 against medical-services contractor for North Dakota inmates; corporation acting under color of state law can be liable under § 1983 for its own policies if such policies are unconstitutional).

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) does not limit "standing," i.e., who may bring a claim. Section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages but does not bar nominal and punitive damages, or declaratory and injunctive relief, even when compensatory damages are unavailable. Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004), cert. denied, 125 S.Ct. 2528 (2005); Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003).

This case is assigned to the docket of Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.   To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send six summons forms and six USM-285s to the plaintiff together with a copy of this Order.

2.   The plaintiff shall, as soon as possible, complete the forms for service of process on the defendants and send the completed forms back to the Clerk of Court. Without the completed forms, service of process cannot occur.

3.   One summons and one 285 form shall be used for all defendants in their *official* capacity; four of the forms shall be used for defendants-Clarke, Britten, Williams, and Houston in their *individual* capacity (see instructions attached to this Order), and one summons and 285 form shall be used for Correctional Medical Services ("CMS"), which may be served at 12647 Olive Blvd., St. Louis, MO 63141.

4.   Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the

2

complaint; the court will do so on the plaintiff's behalf.

      5.     The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

      6.     Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter, without further notice, as to such defendant.

      7.     If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      8.     After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

      9.     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties or their attorney(s) violates the rules of court.

      10.    Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

      11.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.    The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      DATED this 2nd day of September, 2005.

                              BY THE COURT:

                              s/ F. A. GOSSETT
                              United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.  A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.  A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.  Do not copy your complaint to attach to the summons; the court will do that for you.

4.  You may serve only defendant(s) named in the case caption of the complaint. If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.  Be sure to print your case number on all forms.

6.  You must give an address for a party to be served. The U.S. Marshal will not know a defendant's address.

7.  When completing the forms for service of process on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. All defendants in their official capacity may be served by use of one summons form directed to the place for service on the State. Example:

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
>
> **c/o Nebraska Attorney General**
>  **2115 State Capitol**
>  **Lincoln, NE 68509**

On the other hand, state employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. Unlike official capacity, a plaintiff must use a separate summons form for each person sued in his or her *individual* capacity.

4

8.      Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

9.      Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

10.     Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

11.     Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.