IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PABLO CABRERA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3121 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 12, the Motion to Progress this Case filed by the plaintiff, Pablo Cabrera, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"); (2) filing no. 24, the Motion to Dismiss by defendants-Robert Houston, Harold Clarke and Fred Britten; (3) filing no. 29, the plaintiff's Motion for Rule 35 Medical Examination; (4) filing no. 31, the Objection to Third-Party Subpoena by defendants-Houston, Clarke and Britten; (5) filing no. 33, the Motion to Dismiss by defendants-Janssen Williams and Correctional Medical Services ("CMS"); (6) filing no. 36, the plaintiff's Objection to Order by Magistrate Denying Appointment of Counsel; (7) filing no. 39, the plaintiff's Objection to Motion to Dismiss of defendants-Williams and CMS; and (8) filing no. 49, the plaintiff's Appeal of Magistrate Judge's Orders denying appointment of counsel. The plaintiff asserts civil rights claims pursuant to 42 U.S.C. §1983 of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution, and claims of medical malpractice under state law. The defendants are employees of DCS and medical contractors with DCS, sued by the plaintiff for damages in their individual and official capacities.

**DCS Corrections Officials**

In his complaint, as supplemented, the plaintiff states that he has suffered rectal bleeding, drainage, possible infection, and pain as a result of hemorrhoids and side effects of surgery. The plaintiff also suffered headaches and numbness related to a cyst on his back. He complains of delayed and denied medical care as an inmate in DCS custody.

1

Defendants-Houston, Clarke and Britten move to be dismissed from this action because, as DCS supervisory personnel, they had no direct involvement in the plaintiff's medical care.  Houston replaced Clarke as the Director of DCS, and Britten is the Warden of the plaintiff's prison.  None of those individuals participated in decisions regarding the plaintiff's medical treatment.

"[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior .... To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations."  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted).

Supervisory or administrative personnel such as Houston, Clarke and Britten cannot be liable to the plaintiff under the federal civil rights laws based merely on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by their subordinates or other persons.  See, e.g., Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, (1978); Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989): "Rigorous standards of culpability and causation must be applied to ensure that [an employer] is not held liable solely for the actions of its employees .... The purpose of such a stringent standard is to prevent § 1983 liability from collapsing into state tort law or into respondeat superior liability, an intent not contemplated by § 1983."  Therefore, the plaintiff's federal civil rights claims must be dismissed against Houston, Clarke and Britten.

However, the plaintiff also alleges a tort claim under state law.  Nebraska law holds that "[u]nder the doctrine of respondeat superior, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business."  Chrysler Corp. v. Lee Janssen Motor Co., 619 N.W.2d 78, 86 (Neb. App. 2000).

The plaintiff's state-law claims based on respondeat superior against defendants-Houston, Clarke and Britten, in their *individual* capacity, must be dismissed because, in their individual capacity, none of those defendants employed the medical providers who

2

committed the professional negligence alleged by the plaintiff.  While the defendants in their official capacity, i.e., the State of Nebraska, did employ the medical personnel, no damages may be recovered from state employees in their official capacity because of the principles of state sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").  The Eleventh Amendment prevents the plaintiff from recovering damages pursuant to 42 U.S.C. § 1983 from state employees in their official capacity because a suit against a public employee in his or her official capacity is considered a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, the plaintiff's claim for damages against Houston, Clarke and Britten in their official capacity is in reality a claim against the State of Nebraska and is barred by sovereign immunity.

Filing no. 24, the Motion to Dismiss by defendants-Robert Houston, Harold Clarke and Fred Britten, will be granted.

### DCS Medical Providers

Dr. Janssen Williams and Correctional Medical Services ("CMS") move to dismiss the plaintiff's complaint, as supplemented, for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  They argue that the plaintiff has alleged neither a serious medical need nor deliberate indifference.  CMS also points out that § 1983 liability cannot be founded on respondeat superior, and CMS contends that there exists no other basis on which its own liability to the plaintiff could be based.  The defendants then ask the court to exercise its discretion to dismiss the plaintiff's state-law claim upon dismissal of the claims based on federal law.

While the standard for an Eighth Amendment violation is very difficult to meet, "[f]ederal judges are forbidden to supplement the federal rules by requiring 'heightened' pleading of claims not listed in [Federal] Rule [of Civil Procedure] 9." Thomson v.

3

Washington, 362 F.3d 969, 971 (7th Cir. 2004).  "The standard for a district court to employ in ruling on a motion to dismiss is clear.  A district court must accept the allegations contained in the complaint as true, ... and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party, .... '[D]ismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'"  Crumpley-Patterson v. Trinity Lutheran Hosp.,  388 F.3d 588, 590 (8th Cir. 2004) (citations omitted).   In light of that strict standard, the court cannot agree that the plaintiff's Eighth Amendment claim(s) must necessarily be dismissed.

In addition, it is not true that a claim against CMS must necessarily be based on respondeat superior for decisions by its medical staff.  CMS may be liable for its own policies, customs, budgetary and other decisions, medical procedures and staffing practices if any of those posed a substantial risk of serious harm to inmates in the plaintiff's position.[1]   While filing no. 33, the medical providers' Motion to Dismiss, will be denied, those parties are free to reassert their defenses in the form of a motion for summary judgment based on a factual record.

## Other Motions

The plaintiff simply does not have a constitutional or statutory right to appointed counsel in a civil case.   Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).  If it becomes necessary to appoint counsel to represent the plaintiff at a trial, the court will consider doing so. Filing no. 36, the plaintiff's Objection to Order by Magistrate Denying

---

[1]"Under the Supreme Court's 'public function' test, a private entity acts under color of state law 'when that entity performs a function which is traditionally the exclusive province of the state.' .... The Supreme Court has explained that 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.' .... Thus, the Supreme Court has found private actors to be susceptible to suit under § 1983 .... [such as when] a private doctor under contract with a state prison to provide medical care to prisoners acted under color of state law when he treated [an] inmate." Rosborough v. Management & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003). Thus, the State does not shed its duty to maintain constitutional conditions of confinement by hiring a private contractor to undertake state responsibilities, and the private contractor, also, acting under color of state law, takes on obligations under the Constitution to which it must adhere.

Appointment of Counsel, and filing no. 49, the plaintiff's Appeal of Magistrate Judge's Orders denying appointment of counsel, are denied, at least for the present.

Filing no. 29, the plaintiff's Motion for Rule 35 Medical Examination; filing no. 31, the State defendants' Objection to the plaintiffs' Third-Party Subpoena (filing no. 30); filing no. 40, the plaintiff's Reply to the State defendants' Rule 45 Discovery Objection; and filing no. 41, the plaintiff's Reply to the State defendant's Rule 35 Medical Exam Objection all relate to the plaintiff's effort to obtain his medical records and evidence of his current medical condition.   The plaintiff is entitled to subpoena records from his treating physician, and the State defendants have not interposed a valid objection in filing no. 31 to the plaintiff's subpoena.  Therefore, filing no. 31 is denied.  However, the court will not order a medical examination of the plaintiff at government expense.  His medical records should suffice to determine his condition at the time the defendants in this case acted.  If the plaintiff or his family wish to expend their own resources to pay for such an examination on their own, the plaintiff may renew his motion for an examination on that condition.

THEREFORE, IT IS ORDERED:

1.      That filing no. 12, the plaintiff's Motion to Progress this Case, is granted insofar as this Memorandum and Order serves to resolves the parties' disputes to date and to progress this case;

2.      That filing no. 24, the Motion to Dismiss by defendants-Robert Houston, Harold Clarke and Fred Britten, is granted, and those defendants are dismissed from this case with prejudice;

3.      That filing no. 29, the plaintiff's Motion for Rule 35 Medical Examination, is denied, subject to reassertion if the plaintiff or his family provide their own resources for payment of such an examination;

4.      That filing no. 31, the Objection to Third-Party Subpoena by defendants-Houston, Clarke and Britten, is denied, and the Clerk of Court shall send the plaintiff a form for a subpoena for the plaintiff to complete and return to the court together with a motion requesting the court to have the U.S. Marshal issue and serve the subpoena upon the named third party in possession of the plaintiff's medical records;

5.      That filing no. 33, the Motion to Dismiss by defendants-Janssen Williams and

Correctional Medical Services ("CMS"), is denied;

      6.     That filing no. 36, the plaintiff's Objection to Order by Magistrate Denying Appointment of Counsel, is denied;

      7.     That filing no. 39, the plaintiff's Objection to Motion to Dismiss of defendants-Williams and CMS, is sustained; and

      8.     That filing no. 49, the plaintiff's Appeal of Magistrate Judge's Orders denying appointment of counsel, is denied.

      May 30, 2006.                 BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge