IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PABLO CABRERA, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3121 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| HAROLD CLARKE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 51, the Motion to Reconsider Portions of 05/30/06 Order Adverse to Plaintiff, filed by the plaintiff, Pablo Cabrera, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). In the Memorandum and Order of May 30, 2006 (filing no. 50), to which the plaintiff refers, I granted the Motion to Dismiss filed by defendants-Robert Houston, Harold Clarke and Fred Britten, and I provisionally denied the plaintiff's Motion for a Rule 35 Medical Examination, subject to reassertion of the motion if the plaintiff or his family can provide the resources for such an examination.

The plaintiff asserts civil rights claims pursuant to 42 U.S.C. §1983 of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the U.S. Constitution, and claims of medical malpractice under state law. The defendants are employees of DCS and medical contractors with DCS, sued by the plaintiff for damages in their individual and official capacities. The plaintiff states that he has suffered rectal bleeding, drainage, possible infection, and pain as a result of hemorrhoids and side effects of surgery. The plaintiff also suffered headaches and numbness related to a cyst on his back. He complains of delayed and denied medical care as an inmate in DCS custody.

The plaintiff first insists that he has a "liberty interest" in a "community standard of care." He cites Neb. Rev. Stat. § 83-4,155, which states: "In administering health care services, the department [DCS] shall provide a community standard of health care to all inmates." Neb. Rev. Stat. § 83-4,155 means that prisoners are entitled to the same reasonable care which nonprisoners expect under applicable legal principles governing the generally recognized medical standard of care. For example, physicians have a duty to possess and exercise the same degree of diligence, skill and knowledge which is

1

commonly possessed and used under like circumstances by other members of the profession engaged in the same or similar localities. Vieregger v. Robertson, 609 N.W.2d 409, 416 (Neb. App. 2000) (addressing the community standard of care).

"In a malpractice action involving professional negligence, the burden of proof is upon the plaintiff to demonstrate the generally recognized medical standard of care, that there was a deviation from that standard by the defendant, and that the deviation was a proximate cause of the plaintiff's alleged injuries." Hamilton v. Bares, 678 N.W.2d 74, 79 (Neb. 2004). Ordinarily, in a medical malpractice case, the plaintiff must prove a physician's negligence by expert testimony. Walls v. Shreck, 658 N.W.2d 686 (2003).[1]

In filing no. 51, the plaintiff again seeks a Rule 35 Medical Examination, explaining that he needs a qualified medical expert to prove that the defendants breached the standard of medical care owed to him. As the plaintiff emphasizes, "[w]ithout this expert testimony, Plaintiff cannot prevail on the merits of his claims; although it is abundantly clear that he is entitled to the redress being sought." (Filing no. 51 at 2.)

Unfortunately, the plaintiff misunderstands the court's role in litigation. That role does not include favoring one party over another, funding litigation, providing legal advice, participating in discovery, or otherwise taking sides. In addition, the court cannot order the defendants to pay for a medical examination of the plaintiff for the avowed purpose of providing the plaintiff with an expert witness to testify against the defendants. As stated previously, if the plaintiff or his family have resources to spend on a medical expert, the plaintiff may reassert his motion for a Rule 35 examination.

As for the dismissal of Houston, Clarke and Britten, those defendants sought dismissal because, as DCS supervisory personnel, they had no direct involvement in the

---

[1]Some injuries, however, do not require expert testimony concerning negligence and may implicate the doctrine of res ipsa loquitur. See generally Keys v. Guthmann, 676 N.W.2d 354, 358-59 (Neb. 2004): "[I]in medical malpractice cases brought under the res ipsa loquitur doctrine, negligence may be inferred in three situations without affirmative proof: (1) when the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, et cetera, in the body, or amputation of a wrong member; (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries."

2

plaintiff's medical care. Houston replaced Clarke as the Director of DCS, and Britten is the Warden of the plaintiff's prison. None of those individuals participated in decisions regarding the plaintiff's medical treatment. "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior .... To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations." Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citations omitted).

The plaintiff's state-law claims based on respondeat superior against defendants-Houston, Clarke and Britten, in their *individual* capacity, were dismissed because, in their individual capacity, none of those defendants employed or supervised the medical providers who committed the professional negligence alleged by the plaintiff. While the defendants in their *official* capacity, i.e., the State of Nebraska, did employ the medical personnel, no damages may be recovered from state employees in their official capacity because of the principles of state sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution. The plaintiff has cited no facts or authority to cause me to alter my decision in regard to the dismissal of Houston, Clarke and Britten.

In all other respects, filing no. 51 is denied. However, I will grant the plaintiff's request for a copy of his complaint.

THEREFORE, IT IS ORDERED:

1. That filing no. 51, the plaintiff's Motion to Reconsider Portions of 05/30/06 Order Adverse to Plaintiff, is denied; and

2. That the plaintiff's request for a copy of the complaint is granted; the Clerk of Court shall send the plaintiff, free of charge, a copy of filing no. 1 (Complaint), filing no. 7 (Rule 15[A] Amendment), and filing no. 42 (Supplement).

September 14, 2006.                           BY THE COURT:

                                              s/ *Richard G. Kopf*
                                              United States District Judge