THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PABLO CABRERA, | ) | 4:05CV3121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. JANSSEN WILLIAMS and | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a prisoner in custody of the Nebraska Department of Correctional Services ("NDCS") who is proceeding pro se and in forma pauperis, asserts an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 against a medical contractor that provides services to NDCS inmates and one of its physicians.[1] The plaintiff alleges that the defendants have failed to properly treat his serious medical conditions[2] in an

---

[1] Defendants Robert Houston, Harold Clarke, and Fred Britten were dismissed from this case with prejudice on May 30, 2006 (filing 50). I previously determined that the remaining defendant medical contractors acted under color of state law for purposes of the plaintiff's § 1983 claims. *See West v. Atkins*, 487 U.S. 42, 51-56 (1988) (physician under contract with state to treat inmates at state prison acted under color of state law); *see, e.g., Burke v. North Dakota Dept. of Corrections & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002) (plaintiff stated claim for relief under § 1983 against medical services contractor for North Dakota inmates; corporation acting under color of state law can be liable under § 1983 for its own policies if such policies are unconstitutional).

[2] The plaintiff identifies these conditions as "bleeding around his rectal area caused by hemorrhoids" and "headaches and numbness around his right temporal, caused by a large cyst measuring approximately three (3) inches in diameter . . . located around the upper middle portion of his back in the area of his spinal column."

1

effort to save costs or turn a profit.

Pending before the court are several motions: Plaintiff's motion to compel discovery and stay proceedings (filing 59); Plaintiff's motion for medical examination outside of prison (filing 64); Defendants' motion to extend progression order deadlines (filing 65); and Plaintiff's motion for a status report (filing 67).

The substance of Plaintiff's motions is the same. That is, pursuant to Fed. R. Civ. P. 34, 35, and 37, the plaintiff requests that I compel the defendants or their agents at the NDCS to schedule and arrange for his transportation to Colon and Rectal Surgery, Inc., in Omaha, Nebraska, "for the purpose of conducting a medical examination procedure as needed to support his asserted entitlement to treatment for his hemorrhoid and cyst conditions which are the subject of his constitutional claims . . . ." (Filing 59.) The plaintiff claims that his relatives have promised to pay for such transportation, examination, and treatment. The plaintiff also repeatedly requests that the court appoint an attorney to represent him. (Filings 59, 64, 67.)

In support of his motions, the plaintiff has filed photocopies[3] of numerous NDCS Inmate Interview Request forms showing Plaintiff's apparent compliance with NDCS procedures for accessing elective medical care; a Health Services Request Form; a letter estimating costs of examination from Colon and Rectal Surgery, Inc.; a letter from Plaintiff's family promising payment to NDCS for transportation and treatment costs; and NDCS administrative regulations governing access to health

---

(Filing 1, Complaint ¶ 5.) He claims that surgery on his hemorrhoids was unnecessarily delayed, resulting in complications from which he currently suffers. Further, the plaintiff claims that contrary to the advice of his surgeon, the defendants have refused to allow the cyst from the plaintiff's spine to be surgically removed, thereby causing him to continually suffer from headaches, numbness, and dizziness.

[3]The Defendants have not objected to the authenticity of these documents.

services. In a February 2007 Inmate Interview Request form filed by Plaintiff, the "reply" from Plaintiff's correctional institution indicates that "[o]nce you have all your paperwork in order[,] TSCI Medical will arrange an appointment and transportation for you." This, apparently, has not been done. (Filing 64 & 67.)

Because Plaintiff's motions for a medical examination at a specific clinic in Omaha are clearly aimed at securing treatment for his medical conditions, rather than endeavoring to secure the assistance of an expert witness or performing relevant discovery, I must deny the motions. (Filing 64 & Attachments (Plaintiff requests "an effective cure of his hemorrhoid ailment," Plaintiff wants "examination, diagnosis and recommendation of the best course of treatment," Plaintiff asks for "elective medical treatment"); Filing 59 (Plaintiff moves for medical examination to support his "entitlement to treatment for his hemorrhoid and cyst conditions"). *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (district court did not abuse its discretion in denying motion for medical treatment when prisoner's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs" and "the demonstration of disputes and controversies over his medical condition" was "secondary"); *Kendrick v. Frank*, No. 05-C-0976, 2007 WL 2207907, at *1-2 (E.D. Wis. July 20, 2007) (same).

To the extent Plaintiff seeks a medical examination under Fed. R. Civ. P. 35 (physical and mental examinations of persons), he misconstrues the scope of the rule. *Brown v. United States of America*, No. 00-3298, 74 Fed. Appx. 611, 2003 WL 21949580, at *3 (7th Cir. Aug. 11, 2003) (Fed. R. Civ. P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party."); *Whaley v. Erickson*, No. 05-C-898, 2006 WL 3692633, at *2-3 (E.D. Wis. Dec. 11, 2006) ("nothing in Rule 35 appears to authorize a party to file a motion for his own physical examination, the obvious assumption being that an individual does not need

a court order if he desires to have himself examined"); *Lindell v. Daley*, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the *opposing party*. . . . The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself." (emphasis in original)); *Cunningham v. Orr*, No. Civ. S88-384, 1989 WL 516269, at *1 (N.D. Ind. May 8, 1989) (denying pro se prisoner's motion to compel his own physical examination because "[n]othing in the Federal Rules of Civil Procedure pertaining to discovery, or Rule 35 . . . appears to contemplate or authorize a party to compel his or her own physical examination—the obvious assumption being that persons do not need court orders if they want to have themselves examined").

While I will not grant Plaintiff's motions to compel the medical examination he requests, I note that Plaintiff has apparently complied with all of his institution's requests for information regarding the desired medical care, including a cost estimate from the medical provider and information regarding the source of payment for the treatment. (Filing 64 & Attachments.) *Thus, wholly apart from the merits of this case, the NDCS would be well-advised to proceed with Plaintiff's request if all administrative requirements have, in fact, been met. The defendants are advised to take this admonition seriously.*

*Furthermore, if the plaintiff wants to hire the Omaha doctor as an expert witness, he may certainly do so if he acts promptly. Upon confirmation that the plaintiff has hired the doctor and the doctor has agreed to serve as an expert witness, and upon a proper showing that an examination is necessary for the expert to give an expert opinion, I will consider ordering that the defendants make the plaintiff available for an examination by a doctor who is retained as an expert witness. To do so now, however, would be premature because the plaintiff has not sought to hire the doctor as an expert, the doctor has not agreed to serve as an expert, and the doctor has not expressed a need to examine the plaintiff in order to give an expert*

*opinion.*

*If the plaintiff hires a doctor as an expert, if the doctor agrees to serve as an expert, and if the doctor states that he must examine the plaintiff to render an expert opinion, the plaintiff should promptly file a motion presenting such information to the court and requesting an order from the court requiring the defendants to facilitate such an examination. Nothing will be done in this regard until and unless such a motion is submitted to the court.*

As noted above, each of Plaintiff's motions requests appointment of counsel. (Filings 59, 64, 67.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* (internal citation and quotation marks omitted). Because this matter is not unduly complex, and because the plaintiff has demonstrated an ability to gather and produce relevant evidence, the plaintiff's request for the appointment of counsel shall be denied without prejudice.

Because discovery in this case has been stayed pending the court's ruling on the parties' pending motions (filing 61) and many of the deadlines set in the progression order have now expired, the defendants have moved (filing 65) to extend the progression order deadlines, particularly those for conducting depositions and filing summary judgment motions. Upon the defendants' showing of good cause, I shall grant the defendants' motion and amend the progression order (filing 54) as follows.

IT IS ORDERED:

1. Plaintiff's motion to compel discovery and stay proceedings (filing 59); Plaintiff's motion for medical examination outside of prison (filing 64); and Plaintiff's motion for a status report (filing 67) are denied.

2. Plaintiff's requests for appointment of counsel (filings 59, 64, 67) are denied.

3. The Defendants' motion (filing 65) to extend progression order deadlines is granted, but the court will pick the deadlines it thinks best.

4. Judge Piester is directed to enter a new progression order using the form newly developed for pro se case.

September 7, 2007.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge